UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| SHERRY ANN GEORGE, SHERRY ANN GEORGE, as Mother and Natural Guardian of VOSHONA GEORGE, Infant, and SHERRY ANN GEORGE and ALLISON IDOHOU, as Co-Administrators of the ESTATE OF DOREEN GEORGE, Deceased, | Civil Action No.: 2007 Civ 8364  **COMPLAINT** |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| -against- | |
| GREYHOUND LINES, INC. and LAIDLAW INTERNATIONAL, INC., | |
| Defendants. | |

-------------------------------------------------------------X

Plaintiffs, by their attorneys, NORMAN LISS, ATTORNEYS-AT-LAW, P.C., complaining of the defendants herein, upon information and belief allege as follows:

PARTIES

1. That at all times hereinafter mentioned, SHERRY ANN GEORGE, the Co-Administrator and plaintiff individually, and the plaintiff, VOSHONA GEORGE, an infant, were and are citizens of Montréal, Quebec, Canada.

2. That at all times hereinafter mentioned, the plaintiff, ALLISON IDOHOU, the Co-Administratorwas and is a citizen of the United States, domiciled and residing in the City and State of New York, County of Kings.

3. That at all times hereinafter mentioned, the defendant, GREYHOUND LINES, INC., (hereinafter "GREYHOUND") is a corporation organized and existing under the

laws of the State of Delaware and maintains its principal place of business in the State of Texas.

4. That the defendant, GREYHOUND, conducts substantial business in the State of New York and within this District.

5. That at all times hereinafter mentioned, the defendant, LAIDLAW INTERNATIONAL, INC., (hereinafter "LAIDLAW") is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the State of Illinois.

6. That the defendant, GREYHOUND, is a subsidiary of the defendant, LAIDLAW, and 100% of the stock of the defendant, GREYHOUND, is owned by the defendant, LAIDLAW.

7. That the defendant, LAIDLAW, conducts substantial business in the State of New York and within this District.

## JURISDICTION AND VENUE

8. That this Court has jurisdiction over this matter based upon diversity of citizenship of the parties and the matter in controversy exceeds the sum of $75,000.00, excluding interest and costs.

9. That this Court has *in personam* jurisdiction over the defendants inasmuch as at all times relevant to these causes of action the defendants were and still are foreign corporations organized and doing business under the laws of a state other than New York State, but regularly and continually conduct business in the State of New York, both generally and with regard to this specific action, and that the exercise of personal

jurisdiction over them does not offend the traditional notions of fair play and substantial justice, and is proper.

10. That venue in this District properly lies pursuant to 28 U.S.C. Section 1391 because the defendants conduct substantial business in this District and are subject to personal jurisdiction in this District.

## BACKGROUND

11. That at all times hereinafter mentioned, the defendant, GREYHOUND, was and is in the business of owning, operating, maintaining, managing and controlling, by and through its agents, servants, and/or employees, commercial buses, including but not by way of limitation, the commercial bus identified in paragraph 14 below.

12. That at all times hereinafter mentioned, the defendant, LAIDLAW, was and is in the business of owning, operating, maintaining, managing and controlling commercial buses, by and through its agents, servants and/or employees, including, but not by way of limitation, the commercial bus identified in paragraph 14 below.

13. That at all times hereinafter mentioned, the defendant, GREYHOUND, employed Ronald Burgess as a driver of its buses.

14. That at all times hereinafter mentioned, the defendants, owned a bus bearing Texas registration number R7HW58, said bus being a 2000 MCI bus, and bearing Greyhound Bus Number 4014, Model Number DL-3.

15. That at all times hereinafter mentioned, Ronald Burgess operated said bus on behalf of the defendants.

16. That at all times hereinafter mentioned, Ronald Burgess operated said bus with the permission and consent of the defendants.

3

17. That at all times hereinafter mentioned, Ronald Burgess operated said bus within the scope and course of his employment.

18. That at all times hereinafter mentioned, Ronald Burgess operated the aforesaid bus on its route from New York, New York to Montreal, Quebec, Canada with the express and implied permission of one or both of the defendants and was responsible for passenger safety and security onboard said bus.

19. That at all times hereinafter mentioned, the defendants maintained, managed and controlled said bus.

20. That at all times hereinafter mentioned, the defendants were and still are operating as common carriers in that their buses were made available for transportation to the general fare-paying public.

21. That on the 28th day of August, 2007, the plaintiff, SHERRY ANN GEORGE, was lawfully a passenger on said bus, having paid good and valuable consideration therefore.

22. That on the aforesaid date, the plaintiffs' decedent, DOREEN GEORGE, was lawfully a passenger on said bus, having paid good and valuable consideration therefore.

23. That on the aforesaid date, the infant plaintiff, VOSHONA GEORGE, was lawfully a passenger on said bus, having paid good and valuable consideration therefore.

24. That on the aforesaid date, Interstate 87 (the "Northway") in or near Elizabethtown, New York, was and still is a public roadway and/or thoroughfare.

25. That on the aforesaid date, the bus owned and operated by the defendants, their agents, servants and/or employees, was traveling northbound on Interstate 187 in or near Elizabethtown, New York.

26. That on the aforesaid date, the defendants, their agents, servants and/or employees, owned, operated, maintained, managed and controlled the aforesaid bus in a negligent reckless and careless manner.

27. That on the aforesaid date, Ronald Burgess operated the aforesaid bus in a grossly negligent, reckless and careless manner by being inattentive to his driving responsibilities, to the roadway condition at that time, and to the state of the bus equipment at that time.

28. That on the aforesaid date, a damaged tire on the aforesaid bus exploded or abruptly deflated.

29. That on the aforesaid date, Ronald Burgess lost control of the aforementioned bus, causing it to leave the roadway, passing through a guardrail and overturn several times and crash.

30. That said explosion or abrupt deflation of said tire occurred prior to the loss of control of said bus by Ronald Burgess or as the result thereof.

31. That prior to the occurrence, the defendants, their agents, servants and/or employees, knew of the proclivity of the Model Number DL-3 buses had with tires that either exploded or deflated abruptly, resulting in possible control loss of their bus and resultant accidents therefrom.

32. That prior to the occurrence, the defendants knowingly purchased, leased, employed, operated and used Model Number DL-3 buses, of which the bus involved in the occurrence was one, with frail and weak roofs that would collapse upon impact.

33. That prior to the occurrence, the defendants knowingly purchased, leased, employed, operated and used Model Number DL-3 buses, of which the bus involved in the occurrence was one, that did not have seatbelts installed for passenger use.

34. That prior to the occurrence, while aware that the absence of seatbelts could cause its passengers to be thrown and possibly ejected from said bus during accidents, the defendants nonetheless did not install in their buses, including the aforesaid bus that was involved in the aforesaid occurrence, seatbelts for the use of their passengers.

35. That as common carriers, the defendants were obligated and had the duty to exercise the highest standard of care in providing safe transportation to all of its passengers, specifically to all those passengers on the aforesaid bus.

36. That the defendants, their agents, servants and/or employees, breached the duties of care they were obligated to provide to all of the plaintiffs herein by negligently, recklessly and carelessly owning, operating, managing, maintaining, controlling and leasing the aforesaid bus; by negligently, recklessly and carelessly hiring, supervising, educating, training and communicating with their agents, servants and/or employees who maintained, managed, controlled and operated their buses, particularly the aforesaid bus; by negligently, recklessly and carelessly operating their buses, particularly the aforesaid bus, despite knowledge of the aforesaid tire explosions and/or abrupt deflations of same, thus placing their passengers in a potentially hazardous and perilous predicament; by negligently, recklessly and carelessly ignoring the history of tire explosions and and/or abrupt deflations in their buses, particularly the aforesaid bus, thus placing their passengers in a potentially hazardous and perilous predicament; by failing to detect a defective tire on their bus; by failing to inspect their buses, particularly the aforesaid bus, prior to departure on the aforesaid date; by failing to maintain their buses, particularly the aforesaid bus, with safe and appropriate tires; by failing to ascertain the condition of the tires on their buses, particularly the aforesaid bus, prior to the occurrence; by failing to

6

utilize tires that were safe and appropriate for their buses, particularly the aforesaid bus, prior to the occurrence; and by allowing and permitting the aforesaid bus to commence a trip with a dangerous and defective tire, thereby endangering their passengers, particularly the plaintiffs herein.

37. That the proximate cause of the aforesaid occurrence was the gross negligence, recklessness and carelessness of the defendants, their agents, servants and/or employees; and the reckless disregard of the standard of care to be exercised by common carriers as required by law and common practice to ensure the safety of their passengers by defendants, their agents, servants and/or employees.

38. That the failure of the defendants, their agents, servants and/or employees, to observe the roadway conditions then existing and the failure of the defendants, their agents, servants and/or employees to exercise appropriate control over the aforesaid bus was in violation of federal and state regulations, statutes and laws, were in violation of common law standards, and were otherwise negligent, reckless and careless.

39. That the aforesaid occurrence was caused solely and wholly as the result of the negligence of the defendants, their agents, servants and/or employees, with no negligence on the part of any plaintiff contributing thereto.

<u>AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF</u>

<u>THE PLAINTIFF, SHERRY ANN GEORGE</u>

40. That the plaintiff, SHERRY ANN GEORGE, repeats and realleges each and every allegation contained in paragraphs "1" through "39," inclusive, with the same force and effect as if fully set forth herein.

41. That as the result of the negligence of the defendants, their agents, servants and/or employees, the plaintiff, SHERRY ANN GEORGE, sustained serious and permanent injuries, suffered great physical pain and mental anguish, and was required and will continue to require hospital and medical aid and attention, all of which damages exceed the sum of $75,000.00.

42. That the injuries sustained by the plaintiff, SHERRY ANN GEORGE are serious as defined in Section 5102(d) of the Insurance Law of New York State.

43. That as the result of the foregoing, the plaintiff, SHERRY ANN GEORGE, has sustained damages in the sum of Ten Million ($10,000.00) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF, VOSHONA GEORGE

44. The infant plaintiff, VOSHONA GEORGE, repeats and realleges each and every allegation contained in paragraphs "1" through "39," inclusive, with the same force and effect as if fully set forth herein.

45. That at all times herein mentioned, the plaintiff, VOSHONA GEORGE, was and is an infant under the age of eighteen (18) years.

46. That at all times herein mentioned, the plaintiff, SHERRY ANN GEORGE, was and still is the mother and natural guardian of the infant plaintiff, VOSHONA GEORGE.

47. That as the result of the negligence of the defendants, their agents, servants and/or employees, the infant plaintiff sustained serious and permanent injuries, suffered great physical pain and mental anguish, and required and continues to require hospital and medical aid and attention, all of which damages exceed the sum of $75,000.00.

8

48. That the injuries sustained by the infant plaintiff, VOSHONA GEORGE, are serious as defined in Section 5102(d) of the Insurance Law of New York State.

49. That as the result of the foregoing, the infant plaintiff, VOSHONA GEORGE, has sustained damages in the sum of Ten Million ($10,000,000.00) Dollars.

AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF

THE PLAINTIFF, SHERRY ANN GEORGE

50. That the plaintiff, SHERRY ANN GEORGE, repeats and realleges each and every allegation contained in paragraphs "44" through "48," inclusive, with the same force and effect as if fully set forth herein.

51. That at all times herein mentioned, the infant plaintiff, VOSHOINA GEORGE, was and continues to be the natural child of the plaintiff, SHERRY ANN GEORGE, her mother, and that prior to the time herein mentioned, the infant plaintiff was in good health and able top perform and actually did perform all of the useful services and society of a daughter in her dwelling for her mother, the plaintiff, SHERRY ANN GEORGE.

52. That by reason of the foregoing, the plaintiff, SHERRY ANN GEORGE, has been caused great expense and loss and has been deprived of the services and society of her child, the infant plaintiff, and that the ability of the infant plaintiff to render said services and assistance to the plaintiff, SHERRY ANN GEORGE, has been impaired and depreciated for a long time to come, all of which damages exceed the sum of $75,000.00.

53. That as the result of the foregoing, the plaintiff, SHERRY ANN GEORGE, has sustained damages in the sum of Five Million ($5,000,000.00) Dollars.

AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF

THE DECEDENT, DOREEN GEORGE

54. That the plaintiffs, SHERRY ANN GEORGE and ALLISON IDOHOU, repeat and reallege each and every allegation contained in paragraphs "1" through "39," inclusive, with the same force and effect as if fully set forth herein.

55. That on the 19th day of September, 2007, the Surrogate's Court of the State of New York, County of Essex, issued Ancillary Letters of Administration to the plaintiffs, SHERRY ANN GEORGE and ALLISON IDOHOU, appointing them as Co-Administrators of the Estate of DOREEN GEORGE, deceased, and the plaintiffs are duly qualified and are presently acting in that capacity.

56. That on the aforesaid date and at the aforesaid location, as the result of the negligence of the defendants, their agents, servants and/or employees, the plaintiff's decedent, DOREEN GEORGE, sustained injuries that resulted in her death.

57. That by reason of the foregoing, the plaintiffs' decedent, DOREEN GEORGE's, next of kin have been very substantially damaged and have incurred pecuniary losses, funeral expenses, burial expenses and other losses due to the wrongful death of the plaintiffs' decedent, DOREEN GEORGE.

58. That said claim exceeds the sum of $75,000.00.

59. That as the result of the foregoing, the plaintiffs have sustained damages in the sum of Five Million ($5,000,000.00) Dollars.

<u>AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF</u>

<u>THE DECEDENT, DOREEN GEORGE</u>

60. That the plaintiffs, SHERRY ANN GEORGE and ALLISON IDOHOU, repeat and reallege each and every allegation contained in paragraphs "54" through "58," inclusive, with the same force and effect as if fully set forth herein.

61. That as the result of the foregoing, the plaintiffs' decedent, DOREEN GEORGE, sustained severe and painful injuries and suffered injuries internal and external, as the result of which the decedent, DOREEN GEORGE, died on August 28, 2006.

62. That as the result of said injuries, the decedent, DOREEN GEORGE, received intensive care and treatment which was administered with the intention of curing and alleviating her injuries, with attendant expense and other damages.

63. That said claim exceeds the amount of $75,000.00.

64. That during the interval between the time of the occurrence and time of her death, the plaintiff's decedent, DOREEN GEORGE, was rendered sick, sore, lame and disabled and she suffered conscious pain, suffering and anguish until the time of her death, all to her damage in the sum of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR

## BREACH OF WARRANTIES

65. That the plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "39," inclusive, with the same force and effect as if fully set forth herein.

66. That the defendants impliedly and expressly warranted to all of their passengers, including the plaintiffs herein, that safe, appropriate and reliable common carrier transportation would be provided, and that their agents, servants and/or employees, including drivers were appropriately trained, skilled and fit, as were their buses and equipment, for the uses and purposes intended therefore.

67. That the defendants breached the aforesaid express and implied warranties by failing to provide safe, appropriate and reliable common carrier transportation for their

11

passengers, particularly the plaintiffs herein, when the occurrence took place at the aforesaid location.

68. That said claim for breach of warranties is in excess of the sum of $75,000.00.

69. That as the result of the foregoing, the plaintiffs have been damaged in the sum of Five Million ($5,000,000.00) Dollars.

### AS AN FOR A SEVENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

70. That the plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "39," inclusive, with the same force and effect as if fully set forth herein.

71. That the defendants, their agents, servants and/or employees, were reckless, wanton and willful in their misconduct, with a gross disregard for the safety and welfare of their passengers, including the plaintiffs herein, including but not by way of limitation, intentionally disregarding the propensity of their tires to explode or abruptly deflate; their intentional decision not to have seatbelts installed for the use and safety of their passengers, particularly the plaintiffs herein; their utilization of weak and frail roofs on their buses, particularly the aforesaid bud involved in the subject occurrence; their failure to appropriately train their bus drivers, particularly the driver of the aforesaid bus, Ronald Burgess; and their grossly negligent, wanton and reckless operation of their bus on the aforesaid date and at the aforesaid location, which operation was the cause of the occurrence and the resultant injuries sustained by the plaintiffs, SHERRIE ANN GEORGE and the infant plaintiff, VOSHONA GEORGE, and the death of the plaintiffs' decedent, DOREEN GEORGE.

72. That said claim for punitive damages exceeds the sum of $75,000.00.

73. That as the result of the foregoing, the defendants are liable to the plaintiffs for the sum of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS as and for punitive damages.

WHEREFORE, the Plaintiffs demand judgment against the defendants as follows:

First Cause of Action: TEN MILLION ($10,000,000.00) DOLLARS;

Second Cause of Action: TEN MILLION ($10,000,000.0) DOLLARS;

Third Cause of Action: FIVE MILLION ($5,000,000.00) DOLLARS;

Fourth Cause of Action: FIVE MILLION ($5,000,000.00) DOLLARS;

Fifth Cause of Action: FIVE MILLION ($5,000,000.00) DOLLARS;

Sixth Cause of Action: FIVE MILLION ($5,000,000.00) DOLLARS; and

Seventh Cause of Action: ONE HUNDRED MILLION ($100,000,000.00) DOLLARS,

all together with the costs and disbursements of this action.

Dated:  September 24, 2007

Yours, etc.

_____
NORMAN LISS (NL6488)

NORMAN LISS, ATTORNEYS-AT-LAW, P.C.
Attorneys for Plaintiffs
200 West 57th Street
New York, NY 10019
(212) 586-6165

Case 1:07-cv-08364-PKL    Document 1    Filed 09/26/2007    Page 14 of 14

14