UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHERRY ANN GEORGE, SHERRY ANN GEORGE, as
Mother and Natural Guardian of VOSHONA GEORGE,
Infant, and SHERRY ANN GEORGE and ALLISON
IDOHOU, as Co-Administrators of the ESTATE OF
DOREEN GEORGE, Deceased,

Civil Action No.
07 CIV 8364 (PKL)

                                          Plaintiffs,                        ANSWER

                -against-

                                                                  JURY TRIAL DEMANDED

GREYHOUND LINES, INC. and LAIDLAW
INTERNATIONAL, INC.,

                                          Defendants.
-------------------------------------------------------------------X

Defendants, GREYHOUND LINES, INC. ("GREYHOUND") and LAIDLAW INTERNATIONAL, INC. ("LAIDLAW") (collectively, the "answering defendants"), by their attorneys, FABIANI COHEN & HALL, LLP, as and for an Answer to the plaintiffs' Complaint, set forth, upon information and belief, the following:

## PARTIES

FIRST:      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "1" of the plaintiffs' complaint.

SECOND:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "2" of the plaintiffs' complaint.

THIRD:      Admit the allegations contained in Paragraph No. "3" of the plaintiffs' complaint.

FOURTH:    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "4" of the plaintiffs' complaint, except admit that defendant, GREYHOUND, conducts business in the State of New York and within this District.

370749.1

FIFTH:       Admits the allegations contained in Paragraph No. 5" of the plaintiffs' complaint.

SIXTH:       Deny each and every allegation contained in Paragraph No. "6" of the plaintiffs' complaint.

SEVENTH:   Deny each and every allegation contained in Paragraph No. "7" of the plaintiffs' complaint.

## JURISDICTION AND VENUE

EIGHTH:     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "8" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

NINTH:      Deny each and every allegation contained in Paragraph No. "9" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

TENTH:      Deny each and every allegation contained in Paragraph No. "10" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

## BACKGROUND

ELEVENTH: Den y the allegations contained in Paragraph No. "11" of the plaintiffs' complaint, except admit that defendant, GREYHOUND LINES, INC., was and is in the business of utilizing buses, some of which are owned by Greyhound Lines, Inc. to transport passengers.

TWELFTH:   Deny each and every allegation contained in Paragraph No. "12"of the plaintiffs' complaint.

370749-1

THIRTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "13" of the plaintiffs' complaint, except admit that on August 28, 2006, and at the time of the accident at issue, the defendant, GREYHOUND LINES, INC., employed Ronald Burgess as a bus driver.

FOURTEENTH: Deny each and every allegation contained in Paragraph No. "14" of the plaintiffs' complaint.

FIFTEENTH: Deny the allegations contained in Paragraph No. "15" of the plaintiffs' complaint, except admit that on August 28, 2006, and at the time of the accident at issue, Ronald Burgess was an employee of Greyhound Lines, Inc. and operated an MCI bus, model 102DL3, bearing Texas registration number R7HW58 with the permission and consent of Greyhound Lines, Inc.

SIXTEENTH: Deny the allegations contained in Paragraph No. "16" of the plaintiffs' complaint, except admit that on August 28, 2006, and at the time of the accident at issue, Ronald Burgess was an employee of Greyhound Lines, Inc. and operated an MCI bus, model 102DL3, bearing Texas registration number R7HW58 with the permission and consent of Greyhound Lines, Inc.

SEVENTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "17" of the plaintiffs' complaint, except admit that on August 28, 2006, and at the time of the accident at issue in this litigation, Ronald Burgess operated said bus within the scope of his employment by Greyhound Lines, Inc.

EIGHTEENTH: Deny the allegations contained in Paragraph No. "18" of the plaintiffs' complaint, except admit that on August 28, 2006, and at the time of the accident at issue in this litigation, Ronald Burgess operated the aforesaid bus on its route from New York,

New York to Montreal, Quebec, Canada with the express and implied permission of defendant Greyhound Lines, Inc. and respectfully refer all questions of law to the determination of the Trial Court.

NINETEENTH:   Deny each and every allegation contained in Paragraph No. "19" of the plaintiffs' complaint.

TWENTIETH:   Deny each and every allegation contained in Paragraph No. "20" of the plaintiffs' complaint.

TWENTY-FIRST:   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "21" of the plaintiffs' complaint, except admit that on the 28th day of August 2006, the plaintiff, SHERRY ANN GEORGE, was a passenger on said bus.

TWENTY-SECOND: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "22" of the plaintiffs' complaint, except admit that on the 28th day of August 2006, the plaintiff, DOREEN GEORGE, was a passenger on said bus.

TWENTY-THIRD:   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "23" of the plaintiffs' complaint, except admit that on the 28th day of August 2006, the infant plaintiff, VOSHONA GEORGE, was a passenger on said bus.

TWENTY-FOURTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "24" of the plaintiffs' complaint.

370749-1

TWENTY-FIFTH: Deny the allegations contained in Paragraph No. "25" of the plaintiffs' complaint, except admit that on August 28, 2006, the bus operated by Ronald Burgess was traveling northbound on Interstate 87 in or near Elizabethtown, New York.

TWENTY-SIXTH: Deny each and every allegation contained in Paragraph No. "26" of the plaintiffs' complaint.

TWENTY-SEVENTH: Deny each and every allegation contained in Paragraph No. "27" of the plaintiffs' complaint.

TWENTY-EIGHTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "28" of the plaintiffs' complaint.

TWENTY-NINTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "29" of the plaintiffs' complaint.

THIRTIETH: Den y knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "30" of the plaintiffs' complaint.

THIRTY-FIRST: Deny each and every allegation contained in Paragraph No. "31" of the plaintiffs' complaint.

THIRTY-SECOND: Deny each and every allegation contained in Paragraph No. "32" of the plaintiffs' complaint.

THIRTY-THIRD: Deny each and every allegation contained in Paragraph No. "33" of the plaintiffs' complaint.

THIRTY-FOURTH: Deny each and every allegation contained in Paragraph No. "34" of the plaintiffs' complaint.

THIRTY-FIFTH:    Deny each and every allegation contained in Paragraph No. "35" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

THIRTY-SIXTH:    Deny each and every allegation contained in Paragraph No. "36" of the plaintiffs' complaint.

THIRTY-SEVENTH: Deny each and every allegation contained in Paragraph No. "37" of the plaintiffs' complaint.

THIRTY-EIGHTH:   Deny each and every allegation contained in Paragraph No. "38" of the plaintiffs' complaint.

THIRTY-NINTH:    Deny each and every allegation contained in Paragraph No. "39" of the plaintiffs' complaint.

### ANSWERING THE FIRST CAUSE OF ACTION
### ASSERTED ON BEHALF OF THE PLAINTIFF, SHERRY ANN GEORGE

FORTIETH: In response to Paragraph No. "40" of the plaintiffs' complaint, the answering defendants repeat, reiterate and realleges each and every assertion, admission and denial contained in Paragraph Nos. "FIRST" through "THIRTY-NINTH" hereinabove as though more fully set forth at length herein.

FORTY-FIRST:    Deny each and every allegation contained in Paragraph No. "41" of the plaintiffs' complaint.

FORTY-SECOND:   Deny each and every allegation contained in Paragraph N. "42" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

FORTY-THIRD:    Deny each and every allegation contained in Paragraph No. "43" of the plaintiffs' complaint.

370749-1

### ANSWERING THE SECOND CAUSE OF ACTION ASSERTED ON BEHALF OF THE INFANT PLAINTIFF VOSHONA GEORGE

FORTY-FOURTH:   In response to Paragraph No. "44" of the plaintiffs' complaint, the answering defendants repeat, reiterate and realleges each and every assertion, admission and denial contained in Paragraph Nos. "FIRST" through "FORTY-THIRD" hereinabove as though more fully set forth at length herein.

FORTY-FIFTH:   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "45" of the plaintiffs' complaint.

FORTY-SIXTH:   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "46" of the plaintiffs' complaint.

FORTY-SEVENTH:   Deny each and every allegation contained in Paragraph No. "47" of the plaintiffs' complaint.

FORTY-EIGHTH:   Deny each and every allegation contained in Paragraph No. "48" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

FORTY-NINTH:   Deny each and every allegation contained in Paragraph No. "49" of the plaintiffs' complaint.

### ANSWERING THE THIRD CAUSE OF ACTION ASSERTED ON BEHALF OF THE PLAINTIFF, SHERRY ANN GEORGE

FIFTIETH:   In response to Paragraph No. "50" of the plaintiffs' complaint, the answering defendants repeat, reiterate and realleges each and every assertion, admission and denial contained in Paragraph Nos. "FIRST" through "FORTY-NINTH" hereinabove as though more fully set forth at length herein.

FIFTY-FIRST: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "51" of the plaintiffs' complaint.

FIFTY-SECOND: Deny each and every allegation contained in Paragraph No. "52" of the plaintiffs' complaint.

FIFTY-THIRD: Deny each and every allegation contained in Paragraph No. "53" of the plaintiffs' complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION ASSERTED ON BEHALF OF THE DECEDENT, DOREEN GEORGE

FIFTY-FOURTH: In response to Paragraph No. "54" of the plaintiffs' complaint, the answering defendants repeat, reiterate and realleges each and every assertion, admission and denial contained in Paragraph Nos. "FIRST" through "FIFTY-THIRD" hereinabove as though more fully set forth at length herein.

FIFTY-FIFTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "55" of the plaintiffs' complaint and beg leave to refer to any applicable Letters of Administration.

FIFTY-SIXTH: Deny each and every allegation contained in Paragraph No. "56" of the plaintiffs' complaint.

FIFTY-SEVENTH: Deny each and every allegation contained in Paragraph No. "57" of the plaintiffs' complaint.

FIFTY-EIGHTH: Deny each and every allegation contained in Paragraph No. "58" of the plaintiffs' complaint.

FIFTY-NINTH: Deny each and every allegation contained in Paragraph No. "59" of the plaintiffs' complaint.

370749-1

## ANSWERING THE FIFTH CAUSE OF ACTION
## ASSERTED ON BEHALF OF THE DECEDENT, DOREEN GEORGE

SIXTIETH: In response to Paragraph No. "60" of the plaintiffs' complaint, the answering defendants repeat, reiterate and realleges each and every assertion, admission and denial contained in Paragraph Nos. "FIRST" through "FIFTY-NINTH" hereinabove as though more fully set forth at length herein.

SIXTY-FIRST: Deny each and every allegation contained in Paragraph No. "61" of the plaintiffs' complaint.

SIXTY-SECOND: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "62" of the plaintiffs' complaint.

SIXTY-THIRD: Deny each and every allegation contained in Paragraph No. "63" of the plaintiffs' complaint.

SIXTY-FOURTH: Deny each and every allegation contained in Paragraph No. "64" of the plaintiffs' complaint.

## ANSWERING THE SIXTH CAUSE OF ACTION
## ASSERTED FOR BREACH OF WARRANTIES

SIXTY-FIFTH: In response to Paragraph No. "65" of the plaintiffs' complaint, the answering defendants repeat, reiterate and realleges each and every assertion, admission and denial contained in Paragraph Nos. "FIRST" through "SIXTY-FOURTH" hereinabove as though more fully set forth at length herein.

SIXTY-SIXTH: Deny each and every allegation contained in Paragraph No. "66" of the plaintiffs' complaint and respectfully refer all questions of law to the determination of the Trial Court.

SIXTY-SEVENTH:   Deny each and every allegation contained in Paragraph No. "67" of the plaintiffs' complaint.

SIXTY-EIGHTH:   Deny each and every allegation contained in Paragraph No. "68" of the plaintiffs' complaint.

SIXTY-NINTH:   Deny each and every allegation contained in Paragraph No. "69" of the plaintiffs' complaint.

## ANSWERING THE SEVENTH CAUSE OF ACTION
## ASSERTED FOR PUNITIVE DAMAGES

SEVENTIETH:   In response to Paragraph No. "70" of the plaintiffs' complaint, the answering defendants repeat, reiterate and realleges each and every assertion, admission and denial contained in Paragraph Nos. "FIRST" through "SIXTY-NINTH" hereinabove as though more fully set forth at length herein.

SEVENTY-FIRST:   Deny each and every allegation contained in Paragraph No. "71" of the plaintiffs' complaint.

SEVENTY-SECOND:   Deny each and every allegation contained in Paragraph No. "72" of the plaintiffs' complaint.

SEVENTY-THIRD:   Deny each and every allegation contained in Paragraph No. "73" of the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FORTY-FOURTH:   Upon information and belief, any damages sustained by the plaintiffs herein were not caused by any negligence or carelessness on the part of the answering defendants, their servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiffs and that such conduct requires diminution of any award, verdict or judgment that plaintiffs may recover against the answering defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FORTY-FIFTH: Notwithstanding that the answering defendants have denied liability herein, in the event that liability is found, the liability of the answering defendants shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to CPLR §1601 et seq., the liability of the answering defendants for non-economic loss shall not exceed their equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FORTY-SIXTH: That to the extent plaintiffs recover any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH: Upon information and belief, the injuries sustained by plaintiffs are such that they do not fall within the requirements of Insurance Law §5102, et seq.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH: The Sixth and Seventh Causes of Action of the plaintiffs' complaint fail to state a claim upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FORTY-NINTH:    The Southern District of New York is an inconvenient forum for the trial of this action and therefore the Southern District of New York is an improper venue. The Northern District of New York is a proper venue.

**WHEREFORE**, defendants, GREYHOUND LINES, INC. and LAIDLAW INTERNATIONAL, INC., demand:

1. Judgment dismissing the Complaint;

2. Together with the costs and disbursements of this action.

**Dated:**   New York, New York
October 30, 2007

Yours, etc.,

FABIANI COHEN & HALL, LLP

_____
Kevin B. Pollak (KBP 6098)
**Attorneys for Defendants**
GREYHOUND LINES, INC., and
LAIDLAW INTERNATIONAL, INC.
570 Lexington Avenue, 4th Floor
New York, New York  10022
(212) 644-4420

TO:  NORMAN LISS, ATTORNEYS-AT-LAW, P.C.
Norman Liss (NL6488)
**Attorneys for Plaintiffs**
200 West 57th Street
New York, New York  10019
(212) 586-6165

370749-1

12

Sherry Ann George, Sherry Ann George, as Mother and Natural Guardian of Voshona George, Infant, and Sherry Ann George and Allison Idohou, as Co-Administrators of the Estate of Doreen George, Deceased v. Greyhound Lines, Inc., and Laidlaw International, Inc.
Civil Action No.: 07 CIV 8364 (PKL) - Our File No. 818.34464

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **ANSWER** was filed electronically via ECF and was also served via ECF and first class mail, postage prepaid, this 30th day of October, 2007, to:

**NORMAN LISS, ATTORNEYS-AT-LAW, P.C.**
**Norman Liss (NL6488)**
**Attorneys for Plaintiffs**
200 West 57th Street
New York, New York 10019
(212) 586-6165

Kevin B. Pollak (KBP 6098)

Sworn to before me this
30th day of October, 2007.

NOTARY PUBLIC

INGRID A. SANTOS - CASTILLO
Notary Public, State Of New York
No. 01SA5075460
Qualified in New York County
Commission Expires 03/31/2011

370789.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHERRY ANN GEORGE, SHERRY ANN GEORGE, as
Mother and Natural Guardian of VOSHONA GEORGE,
Infant, and SHERRY ANN GEORGE and ALLISON
IDOHOU, as Co-Administrators of the ESTATE OF          Civil Action No.
DOREEN GEORGE, Deceased,                               07 CIV 8364 (PKL)

                                    Plaintiffs,

        -against-

GREYHOUND LINES, INC. and LAIDLAW
INTERNATIONAL, INC.,

                                    Defendants.
-----------------------------------------------------------------X

---

### ANSWER - JURY TRIAL DEMANDED

---

**FABIANI COHEN & HALL, LLP**
**Attorneys for Defendants**
GREYHOUND LINES, INC.
and LAIDLAW INTERNATIONAL, INC.,
**570 Lexington Avenue-4th Floor**
**New York, New York 10022**
**(212) 644-4420**

To: Attorney(s) for:
Sir(s):

    PLEASE TAKE NOTICE that a                                    of which the within is a
(true) (certified) copy

    [ ]NOTICE OF ENTRY *was duly entered in the within named court on*
2007

    [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
*one of the judges of the within named court at the Courthouse at* on  ,   2007 at
o'clock

Dated:

Yours, etc.,
FABIANI COHEN & HALL, LLP
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

To:

Attorney(s) for: